**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MICHAEL RENE GONZALES,

Petitioner,

vs.

MATTHEW CATE,

Respondent.

CASE NO. 12-CV-1088-H (PCL)

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**

[Doc. No. 23]

On May 2, 2012, Petitioner Michael Rene Gonzales ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) On August 14, 2012, Respondent filed a response to the petition. (Doc. No. 9.) On October 22, 2012, Petitioner filed a traverse. (Doc. No. 12.) On December 18, 2012, the magistrate judge issued a report and recommendation ("R & R") recommending that the Court deny the petition. (Doc. No. 13.) On January 10, 2013, Petitioner filed objections to the R & R. (Doc. No. 15.) On March 18, 2013, the Court issued an order overruling Petitioner's objections, denying his petition, and declining to issue a certificate of appealability. (Doc. No. 16.) On March 14, 2013, Petitioner filed a motion for leave to amend his habeas petition and a motion to appoint counsel. (Doc. Nos. 21, 23.) For the reasons below, the Court denies without prejudice Petitioner's motion for the appointment of counsel.

The Sixth Amendment right to counsel does not extend to federal habeas corpus

actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 459 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings): Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, a district court may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); accord Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990). Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. See Terrovona, 912 F.2d at 1177; Knaubert v. Goldsmith, 791 F.2d 722, 729-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition.).

The court's discretion to appoint habeas counsel may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (citations and internal quotation marks omitted); accord Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196.

There is no indication that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196. It appears that Petitioner has a sufficient grasp of his case and the legal issues involved. Based on the Petitioner's filings to date, the Court concludes that he is able to adequately articulate his position. In addition, the Court has already evaluated the merits of Petitioner's claims and denied the petition.

(Doc. No. 16.) Accordingly, the Court concludes that the interests of justice do not require the appointment of counsel, and the Court denies without prejudice Petitioner's motion to appoint counsel.

**IT IS SO ORDERED.**

DATED: March 28, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT